IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| **OSCAR MORENO BRIZ, Individually and on Behalf of All Others Similarly Situated** | **PLAINTIFF** |
| vs. | No. 7:22-cv-144 |
| **PROTRANS INTERNATIONAL, LLC** | **DEFENDANT** |

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Oscar Moreno Briz ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, for his Original Complaint—Collective Action ("Complaint") against Protrans International, LLC ("Defendant"), states and alleges as follows:

### I.   PRELIMINARY STATEMENTS

1.  This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2.  Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policy or practice of failing to pay proper overtime compensation under the FLSA.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

5. The acts and omissions complained of herein occurred within the McAllen Division of the Southern District of Texas. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff is an individual and resident of Hidalgo County.

7. Defendant is a domestic limited liability company.

8. Defendant's registered agent for service of process is Gary Cardenas, at 8311 Perimeter Road, Drexel Gardens, Indiana 46241.

9. Defendant maintains a website at https://protrans.com/.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Upon information and belief, Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

12. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and fuel.

13. Defendant is an "employer" within the meanings set forth in the FLSA and was, at all times relevant to this Complaint, Plaintiff's employer.

14. Defendant employed Plaintiff within the three years preceding the filing of this Complaint.

15. Specifically, Defendant employed Plaintiff as a Dock Coordinator from June of 2020 until December of 2021 at its facilities in McAllen, Texas.

16. Defendant classified Plaintiff as nonexempt from the overtime requirements of the FLSA and paid him an hourly wage.

17. At all relevant times herein, Defendants directly hired Plaintiff to work on its behalf, paid him wages and benefits, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

18. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

19. In addition to his hourly wage, Plaintiff received semi-annual bonuses.

20. The semi-annual bonuses are based on objective criteria.

21. Plaintiff expected to receive and did in fact receive the bonuses on a regular basis.

22.  Defendant also employed other hourly employees who receive the semi-annual bonuses (hereinafter, "Bonusing Employees").

23.  Upon information and belief, all or most hourly employees receive bonuses.

24.  Plaintiff regularly worked more than forty hours per week throughout his tenure with Defendant.

25.  Upon information and belief, other Bonusing Employees regularly or occasionally worked hours over 40 in a week.

26.  Defendant paid Plaintiff and other Bonusing Employees 1.5x times their base hourly rate for the hours they worked over 40 in a week.

27.  However, Defendant did not include the bonuses that were paid to Plaintiff and other Bonusing Employees in their regular rates when calculating their overtime pay even though Plaintiff and other Bonusing Employees received bonuses in pay periods in which they also worked more than forty hours per week.

28.  Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as non-discretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

29.  Defendant violated the FLSA by not including all forms of compensation, such the non-discretionary bonuses of Plaintiff and other Bonusing Employees, in their regular rate when calculating their overtime pay.

30.  Plaintiff occasionally worked hours for which he was not paid.

31.  Plaintiff was regularly required to work through his lunch hour despite being clocked out.

32. Upon information and belief, at least some of the work Plaintiff completed off the clock was time stamped within Defendant's system.

33. Defendant knew or should have known that Plaintiff was working hours which went unrecorded and uncompensated.

34. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other hourly employees violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

35. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

36. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendants within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   A. Regular wages and overtime premiums for all hours worked over forty hours in any week;

   B. Liquidated damages; and

   C. Attorney's fees and costs.

37. Plaintiff proposes the following class under the FLSA:

> **All hourly employees who received a bonus in connection with work performed in at least one week in which they worked over forty hours within the past three years.**

38. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

39. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

40. The members of the proposed FLSA collective are similarly situated in that they share these traits:

   A. They were paid hourly;

   B. They were eligible for and received nondiscretionary bonuses;

   C. They worked over forty hours in at least one week in which they performed work related to a bonus; and

   D. They were subject to Defendant's common practice of failing to pay a proper overtime rate for hours worked over forty in a week.

41. Plaintiff is unable to state the exact number of the collective but believes that the class exceeds 100 persons.

42. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

43. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

44. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.   FIRST CLAIM FOR RELIEF
**(Individual Claim for Violation of the FLSA)**

45. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

46. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

47. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

48. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

49. Defendant classified Plaintiff as nonexempt from the requirements of the FLSA.

50. Despite Plaintiff's entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiff 1.5x his regular rate for all hours worked in excess of 40 per week.

51. Defendant failed to pay Plaintiff for all hours worked.

52. Defendant knew or should have known that its actions violated the FLSA.

53. Defendant's conduct and practices, as described above, were willful.

54. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

55. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the

amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

56. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

57. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

58. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

59. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

60. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

61. Defendant classified Plaintiff and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

62. Defendant failed to pay Plaintiff and similarly situated employees 1.5x their regular rate for all hours worked in excess of 40 per week.

63. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

64. Defendant knew or should have known that its actions violated the FLSA.

65. Defendant's conduct and practices, as described above, were willful.

66. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

67. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

68. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Oscar Moreno Briz, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

      C.      Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA and its related regulations;

      D.      Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA and its related regulations;

      E.      An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

      F.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**OSCAR MORENO BRIZ, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com