Case 7:22-cv-00144   Document 25   Filed on 09/29/22 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
September 29, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| OSCAR MORENO BRIZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:22-cv-00144 |
| § | |
| PROTRANS INTERNATIONAL, LLC, § | |
| § | |
| Defendant. § | |

## OPINION AND ORDER

The Court now considers "Defendant's Unopposed Motion for Leave to Amend its Answer"[1] and "Plaintiff's Unopposed Motion for Extension of Time."[2] After considering the motions, record, and relevant authorities, the Court **GRANTS** both motions.

### I. BACKGROUND AND PROCEDURAL HISTORY

This is a Fair Labor Standards Act ("FLSA") case. Plaintiff was employed as a Dock Coordinator for Defendant, a supply chain management/logistics company. According to Plaintiff's original complaint, he and similarly situated individuals were compensated through two routes: a base hourly rate and semi-annual bonuses.[3] These bonuses were "based on objective criteria" and were "expected" and received "on a regular basis."[4]

This group of employees also worked overtime, qualifying them for 1.5x their regular rate on hours worked in excess of 40 per week.[5] However, allegedly in violation of 29 C.F.R. § 778.208, Defendant renumerated only 1.5x the base hourly rate and did not factor the semi-annual bonuses

---

[1] Dkt. No. 21.
[2] Dkt. No. 22.
[3] Dkt. No. 1 at 3-4, ¶¶ 18-22.
[4] *Id.* at 3, ¶¶ 20-21.
[5] *Id.* at 4, ¶ 26.

into the employees' regular rates.[6] Plaintiff was also allegedly required to work hours for which he was not compensated.[7]

Plaintiff filed suit on May 9, 2022, and seeks to proceed on a collective basis pursuant to the FLSA, 29 U.S.C. § 216(b).[8] Defendant filed an answer on July 1, 2022, denying violation of the FLSA and denying "that a collective action is appropriate in this case."[9] This Court issued a scheduling order on July 15, 2022, ordering Plaintiff to file a motion to add parties and a motion to proceed on a collective basis by October 17, 2022, so the Court can determine which employees are similarly situated such that they should receive court-approved notice of their ability to opt into the lawsuit.

Defendant now requests leave to file an amended answer[10] and Plaintiff requests an extension of the aforementioned October 17 deadline.[11] Both motions are unopposed.

## II. DISCUSSION

### A. Motion for leave to amend

After the deadline to amend a pleading as a matter of course,[12] "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely grant leave when justice so requires."[13] "Leave to amend is in no way automatic, but the district court must possess a substantial reason to deny a party's request for leave to amend."[14]

In determining whether to allow leave to amend a pleading, courts examine whether there is (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by

---

[6] *Id.* at 4, ¶¶ 27-29.
[7] *Id.* at 4, ¶¶ 30-31.
[8] *Id.* at 5, ¶ 36.
[9] Dkt. No. 10 at 1, 4, ¶¶ 1, 37.
[10] Dkt. No. 21.
[11] Dkt. No. 22.
[12] *See* FED. R. CIV. P. 15(a)(1).
[13] FED. R. CIV. P. 15(a)(2).
[14] *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quotation omitted).

previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment.[15] Absent such factors, the Court should freely grant the requested leave.[16] To determine whether a proposed amended complaint is futile, the Court applies the Federal Rule of Civil Procedure 12(b)(6) standard.[17]

Here, Defendant appears to be confused by the language of Rule 15(a)(2). That rule provides two ways to amend: written consent or leave of court. The instant motion[18] conflates the two, offering Plaintiff's counsel's *verbal* consent as a reason why the Court should grant leave.[19] Since Defendant did not offer Plaintiff's written consent as required by the rule, the Court analyzes the motion under the aforementioned factors to decide whether to grant leave to amend.

The Court finds none of the warning factors present here. Defendant would amend its answer to add facts and defenses that are products of additional investigation, not of bad faith or dilatory motive. Moreover, the Court finds that Defendant's amendment would not prejudice Plaintiff, especially since Plaintiff does not oppose the motion. Defendant's amendment would not be futile; Defendant has the opportunity to plead affirmative defenses in keeping with the federal pleading standard.

### B. *Motion for continuance*

Whether to grant a "continuance is traditionally within the discretion of the trial judge."[20] The Court's scheduling order "may be modified only for good cause and with the judge's

---

[15] *SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n*, 881 F.3d 933, 944 (5th Cir.) (quoting *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)), *cert. denied*, 139 S. Ct. 274 (2018).
[16] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[17] *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).
[18] Dkt. No. 21.
[19] *Id.* at 2, ¶ 6.
[20] *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)

consent."[21] "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[22]

In the instant motion, Plaintiff states that he "requires additional time to conduct discovery as to the potential . . . collective members before filing his motion for certification."[23] He gives very little by way of justification, but does offer that "[c]ounsel for both parties have conferred, and this motion is unopposed."[24]

Despite the thinness of the motion, the Court finds good cause for a continuance. In light of the Fifth Circuit's decision in *Swales*,[25] much of the discovery legwork that would have previously occurred between conditional certification and defendant's motion to decertify must now occur at the beginning of the suit.[26] When Plaintiff files his motions to add parties and to proceed on a collective basis, he must present evidence that "will be material to determining whether a group of employees is similarly situated" and aid the Court in deciding "if and when to send notice to potential opt-ins."[27]

Because of this sea change in FSLA collective action procedure, the Court finds good cause to grant the requested continuance. The Court also notes that Plaintiff "does not anticipate that extending [this] deadline . . . will require adjustment of any of the remaining deadlines in the Court's Scheduling Order."[28] Therefore, Plaintiff's new deadline to move to add parties and proceed on a collective basis is set for **December 19, 2022.**

---

[21] FED. R. CIV. P. 16(b)(4).
[22] *S&W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003) (citing 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).
[23] Dkt. No. 22 at 1, ¶ 3.
[24] *Id.* at 2, ¶ 7.
[25] *Swales v. KLLM Transp. Servs. L.L.C.*, 985 F.3d 430 (5th Cir. 2021).
[26] *See id* at 433 (holding that § 216(b) is a "gatekeeping framework for assessing, at the outset of litigation, *before* notice is sent to potential opt-ins, whether putative plaintiffs are similarly situated—not abstractly but actually.").
[27] *Id.* at 441 (internal quotation marks omitted).
[28] Dkt. No. 22 at 1, ¶ 6.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion for leave and **GRANTS** Plaintiff's motion for leave to amend.

| PRETRIAL EVENTS | DEADLINES |
|---|---|
| Deadline for Plaintiff to file a motion to add parties and to file a motion to proceed on a collective basis | December 19, 2022 |
| Deadline for Plaintiff to designate expert witnesses and provide expert reports in accordance with Federal Rule of Civil Procedure 26(a)(2). | January 23, 2023 |
| Deadline for Defendant to designate expert witnesses and provide expert reports in accordance with Federal Rule of Civil Procedure 26(a)(2). | March 23, 2023 |
| Discovery deadline. Counsel may by agreement continue conducting discovery beyond the deadline, but no extension will be granted because of information acquired in post-deadline discovery. | August 7, 2023 |
| Deadline to file all pretrial motions, including any dispositive motions, except motions in limine which shall be filed with the joint pretrial order. | August 30, 2023 |
| Deadline to file joint pretrial order, motions in limine, and proposed jury instructions (or proposed findings of fact & conclusions of law).[29] | October 30, 2023 |
| Final pretrial conference and trial scheduling. | November 14, 2023 at 9 a.m. |

This scheduling order supersedes any earlier scheduling order, is binding on all parties, and shall not be modified except by leave of Court upon showing of good cause.[30] All other deadlines not

---

[29] The Joint Pretrial Order must be in accordance with Appendix B of the Local Rules for the Southern District of Texas and must include the disclosures required by Federal Rule of Civil Procedure 26(a)(3).

[30] *See* FED. R. CIV. P. 16(b)(4); 6A ARTHUR R. MILLER, MARY KAY KANE & A. BENJAMIN SPENCER, FEDERAL PRACTICE AND PROCEDURE § 1522.2 (3d ed. 1998 & Supp. Oct. 2020).

specifically set out in this scheduling order will be governed by the Federal Rules of Civil Procedure and this Court's Local Rules.

    IT IS SO ORDERED.

    DONE at McAllen, Texas, this 29th day of September 2022.

                                                        Micaela Alvarez
                                              United States District Judge