IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

**OSCAR MORENO Briz, Individually and**     **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.     No. 7:22-cv-144

**PROTRANS INTERNATIONAL, LLC**     **DEFENDANT**

### JOINT STIPULATION TO CERTIFICATION, MOTION FOR APPROVAL OF SETTLEMENT, AND DISMISSAL WITH PREJUDICE

Oscar Moreno Briz ("Named Plaintiff"), individually and on behalf of all others similarly situated, and Protrans International, LLC, ("Defendant") (collectively, the "Parties"), by and through their respective undersigned counsel, jointly move the Court to: (1) certify the Parties' stipulated collective; (2) approve the terms of the Settlement Agreement and Release ("Agreement") that the Parties agreed to following negotiations, including the proposed Settlement Notice, Consent to Join Settlement, and proposed method of distribution; (3) dismiss this case with prejudice; and (4) retain jurisdiction to enforce the terms of the Parties' settlement. In support of this motion, the Parties state as follows:

### LEGAL STANDARD

Based on *Martin v. Spring Break 83 Productions, LLC*, 688 F.3d 247 (5th Cir. 2012), the necessity of Court approval of settlements is questionable. However, in an abundance of caution, approval is sought here. When reviewing a proposed FLSA settlement, district courts "scrutiniz[e] the settlement for fairness" and decide whether the

Page 1 of 9
Oscar Moreno Briz, et al. v. Protrans International, LLC
U.S.D.C. (S.D. Tex.) No. 7:22-cv-144
Joint Stipulation to Certification, Motion for Approval
of Settlement and Dismissal with Prejudice

proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). If the settlement is fair and reasonable, the court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.* The terms of the Parties' settlement plainly comply with the spirit of *Lynn's Food Stores*.

## STATEMENT OF THE CASE AND SUMMARY OF SETTLEMENT

Named Plaintiff was employed as a dock coordinator for Protrans International, LLC, beginning in June of 2020. During his employment, Named Plaintiff was paid an hourly rate and received bonuses pursuant to the company's profit sharing policy. Named Plaintiff filed suit on May 9, 2022, alleging that Defendant failed to pay its hourly-paid employees the legal minimum hourly wage for all hours worked and overtime compensation for all hours worked in excess of forty per workweek in violation of the Fair Labor Standards Act ("FLSA"). ECF No. 1. Specifically, Named Plaintiff alleges that the bonuses he received were non-discretionary, that they were required to be factored into Named Plaintiff's regular rate of pay for purposes of calculating overtime, and that Defendant failed to so factor these bonuses into his and other similarly situated employees' regular rates of pay. *Id.* Accordingly, Named Plaintiff claims, Defendant paid Named Plaintiff and others similarly situated an insufficient amount of wages for any hours worked over 40 in any week. *Id.* Defendant denies Named Plaintiff's allegations and maintains that the bonuses were properly excluded from the regular rate of pay as discretionary, profit-share bonuses pursuant to 29 CFR § 778.208 and 214.

Recognizing the risks and costs inherent in further litigation, counsel for the Parties engaged in arm's-length settlement discussions, ultimately reaching the current

Page 2 of 9
**Oscar Moreno Briz, et al. v. Protrans International, LLC**
**U.S.D.C. (S.D. Tex.) No. 7:22-cv-144**
**Joint Stipulation to Certification, Motion for Approval**
**of Settlement and Dismissal with Prejudice**

settlement which resolved the claims of Named Plaintiff as well as the claims of a putative collective of individuals identified as receiving similar bonuses as Named Plaintiff during the limitations period. The Parties agree that the settlement terms they reached represent a fair and equitable resolution of their bona fide dispute and have executed the Settlement Agreement attached hereto as Exhibit 1 (the "Agreement").

The Agreement's terms reflect the recognition of the risk and costs of litigation by Parties with counsel experienced in such matters. In order to avoid these risks and costs, the Parties agree that resolving this litigation in accordance with the Agreement makes sense for all concerned. The Parties therefore urge this Court to approve their settlement.

For settlement purposes only, the Parties stipulate to final certification of the following Collective under 29 U.S.C. § 216(b):

**All hourly-paid employees who earned a profit-share bonus in connection with work performed for Defendant in any week in which they worked over forty hours between October of 2020 and June of 2022.**

The Potential Opt-In Plaintiffs were all subject to Defendant's bonus policy. Each Potential Opt-In Plaintiff received the relevant profit-share bonus and worked more than 40 hours in at least one week between October 2020 and June of 2022. Collective resolution of this matter is procedurally efficient, and as detailed below, substantively fair. In order to effectuate the contemplated settlement, the Parties also seek approval of the proposed Settlement Notice ("Notice") and Consent to Join Settlement Form ("Consent"), attached hereto as Exhibits 2 and 3, as well as the proposed method of distribution. The Notice explains the procedures for joining the settlement and what effect joining the settlement will have on the Potential Opt-In Plaintiffs' legal rights. Because only those Potential Opt-In Plaintiffs who submit a Consent will be affected by the settlement, there

Page 3 of 9
Oscar Moreno Briz, et al. v. Protrans International, LLC
U.S.D.C. (S.D. Tex.) No. 7:22-cv-144
Joint Stipulation to Certification, Motion for Approval
of Settlement and Dismissal with Prejudice

is no concern that the rights of employees who do not participate in the settlement will be affected. *See McKenna v. Champion Int'l Corp.*, 747 F.2d 1211, 1213 (8th Cir. 1984), *abrogated on other grounds by Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989). Allowing Potential Opt-In Plaintiffs to submit objections is not necessary. The Notice accurately informs the Potential Opt-In Plaintiffs of the nature of the case, the method of calculating the proposed relief, and provides clear instructions to acknowledge acceptance of the settlement if they choose to do so. The Parties request that the Court approve the proposed form of sending notice of the settlement.

The Sanford Law Firm ("Collective Counsel") will distribute to the Potential Opt-In Plaintiffs the Court-approved Notice and Consent via first-class mail along with a prepaid return envelope. The Potential Opt-In Plaintiffs will have 60 days from the date of mailing to submit their completed Consents. Potential Opt-In Plaintiffs who timely submit their completed Consents will become Opt-In Plaintiffs; Named Plaintiff and the Opt-In Plaintiffs are hereinafter collectively referred to as the "Plaintiffs." Upon receiving returned Consents, Collective Counsel will file them on the public docket, redacting identifying information other than name and date of signature. The Parties request that the Court approve the proposed manner of sending notice of the settlement.

As part of settlement discussions, Defendant provided data reflecting payments and bonuses paid to Potential Opt-In Plaintiffs. Each Plaintiff will receive a part of the Settlement Fund in proportion to their best-case scenario damages as calculated by Collective Counsel. These damages took into account each Potential Plaintiff's bonuses received as well as their number of overtime hours worked and overtime compensation paid in order to arrive at an adjustment between their amount paid and the amount which

Page 4 of 9
**Oscar Moreno Briz, et al. v. Protrans International, LLC**
**U.S.D.C. (S.D. Tex.) No. 7:22-cv-144**
**Joint Stipulation to Certification, Motion for Approval**
**of Settlement and Dismissal with Prejudice**

would have been paid had the bonuses been factored into their regular rate of pay. Individuals with less than $10 in damages were allocated a $10 minimum. An allocation setting forth the amounts which each Potential Opt-In Plaintiff stands to receive should he or she opt-in to the settlement is included as Appendix 1 to the Agreement.

Each Plaintiff is receiving, at minimum, approximately 52% of the best-case lost-wage adjustment as calculated by counsel for the Parties. This amount is reasonable because, were Defendant's theory of the case to prevail, Plaintiffs would have been entitled to nothing. The Parties sharply disagree on the discretionary nature and legal effect of Defendant's profit-sharing bonus plan. Further, the prospect of liquidated damages in this case was likely remote, as Defendant was prepared to bring evidence that it adopted a discretionary and bona fide profit-sharing bonus plan in a good-faith attempt to follow the requirements of the FLSA. Finally, each Potential Opt-In Plaintiff will be able to evaluate for themselves the compromise reached and the propriety of joining in the settlement.

In exchange for returning a Consent and being paid their allocated settlement amount, each individual agrees to a release of claims from the facts pled in the Complaint and arising before June 30, 2022, including but not limited to claims related to overtime, Defendant's benefits plans, claims for attorney's fees, costs, damages, taxes, and those arising under local, state or federal law. If an individual elects not to participate, their share of the settlement proceeds remains with Defendant with no impact on the settlement amount of any other Settlement Collective Member, and they do not release any claims against Defendant.

As reflected in the Parties' Agreement, the settlement amounts to be paid to

Page 5 of 9
Oscar Moreno Briz, et al. v. Protrans International, LLC
U.S.D.C. (S.D. Tex.) No. 7:22-cv-144
Joint Stipulation to Certification, Motion for Approval
of Settlement and Dismissal with Prejudice

Named Plaintiff include his allocated damages share as well as separate consideration as a service award. The service award to Named Plaintiff is appropriate. Named Plaintiff initiated this action and is being compensated for his efforts in helping identify the settlement collective and for undergoing the risks and delay of pursuing the case on a collective basis instead of an individual one. Such service awards are frequently approved in collective actions. *See In re Wells Fargo Wage & Hour Empl. Prractices Litig. (No. III)*, 18 F. Supp. 3d 844, 852 (S.D. Tex. May 12, 2014); *Guadalupe v. Am. Campus Cmtys. Servs.,* Civil Action No. 1:16-cv-967, 2020 U.S. Dist. LEXIS 259660, at *6 (W.D. Tex. Oct. 23, 2020) (approving a $12,000 service award for Named Plaintiff).

## ATTORNEYS' FEES AND COSTS

The FLSA mandates that a court award reasonable attorneys' fees and costs to a prevailing plaintiff. 29 U.S.C. §216(b)). "[T]he attorneys' fees provision[] of the . . . FLSA exist to enable Plaintiffs to employ reasonably competent lawyers without costs to themselves if they prevail and, thereby, to help ensure enforcement of the substantive provisions of the FLSA." *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass' n, Local 307 v. G & M Roofing & Sheet Metal Co. Inc.*, 732 F.2d 495, 502 (6th Cir. 1984).

"Many district courts in the Fifth Circuit have approved attorney's fees amounting to 40% or more of the settlement amount in FLSA cases." *Jasso v. HC Carriers, LLC*, No. 5:20-CV-212, 2022 U.S. Dist. LEXIS 207043, at *16 (S.D. Tex. Oct. 19, 2022). See also *Sarabia v. Spitzer Indus.*, No. 4:17-CV-2092, 2018 U.S. Dist. LEXIS 197062, at *11 (S.D. Tex. Nov. 19, 2018) ("The parties agreed on attorneys' fees that represent 40% of Defendant's total payment. This percentage is in line with that approved in other FLSA

Page 6 of 9
Oscar Moreno Briz, et al. v. Protrans International, LLC
U.S.D.C. (S.D. Tex.) No. 7:22-cv-144
Joint Stipulation to Certification, Motion for Approval
of Settlement and Dismissal with Prejudice

cases.")

Under the terms of the Agreement, Collective Counsel will receive the amount of $21,000.00, equal to approximately 35% of the total settlement fund. To date, counsel for Named Plaintiff has recorded over 81 hours for this matter and incurred $531.00 in expenses. Collective Counsel anticipates incurring a significant amount in further billed fees and costs in the Notice and Consent process and communications with the 477 Potential Opt-In Plaintiffs. As set forth in the Agreement, Plaintiff asserts that this is a fair and reasonable amount for the efforts of Collective Counsel in this action.

Under these circumstances, the settlement is a fair and reasonable resolution of a bona fide dispute, and the Court should approve it. As the Agreement contemplates a process of filing Consent forms and later performance, following the Court's approval of the Agreement the Parties request that the Court dismiss Plaintiff's claims with prejudice and retain jurisdiction over the matter for purposes filing Consents and enforcing the terms of the Agreement.

WHEREFORE, in light of the contested issues and the potentially protracted and expensive litigation that lies ahead, the Parties submit that the terms of their FLSA settlement represents a fair and equitable resolution of this matter. The Parties therefore respectfully request that the Court enter an order: (1) certifying the stipulated collective; (2) approving the terms of the settlement of Plaintiffs' FLSA claims, including the proposed Notice, Consent, and method of distribution; (3) dismissing this action with prejudice; (4) retaining jurisdiction to enforce the terms of the settlement; and granting such further relief as the Court deems just.

Page 7 of 9
Oscar Moreno Briz, et al. v. Protrans International, LLC
U.S.D.C. (S.D. Tex.) No. 7:22-cv-144
Joint Stipulation to Certification, Motion for Approval
of Settlement and Dismissal with Prejudice

        Respectfully submitted,

        **OSCAR MORENO BRIZ, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

        SANFORD LAW FIRM, PLLC
        Kirkpatrick Plaza
        10800 Financial Centre Pkwy, Suite 510
        Little Rock, Arkansas 72211
        Telephone: (501) 221-0088

        */s/ Josh Sanford*
        Josh Sanford
        Tex. Bar No. 24077858
        josh@sanfordlawfirm.com

**and**    **DEFENDANT PROTRANS INTERNATIONAL, LLC**

        DENTONS US LLP
        2000 McKinney, Ave., Suite 1900
        Dallas, TX 75201
        Telephone (214) 259-0900

        Spencer D. Hamilton
        Tex. Bar No. 24087656
        spencer.hamilton@dentons.com
        Leanna M. Anderson
        Tex. Bar No. 24085833
        leanna.anderson@dentons.com

        DENTONS BINGHAM GREENEBAUM, LLP
        10 West Market Street, Suite 2700
        Indianapolis, IN 46204
        Telephone: (317) 635-8900

        */s/ Katherine G. Erdel*
        Andrew W. Gruber
        Admitted *pro hac vice*
        andrew.gruber@dentons.com
        Katherine G. Erdel
        Admitted *pro hac vice*
        kate.erdel@dentons.com

Page 8 of 9
Oscar Moreno Briz, et al. v. Protrans International, LLC
U.S.D.C. (S.D. Tex.) No. 7:22-cv-144
Joint Stipulation to Certification, Motion for Approval
of Settlement and Dismissal with Prejudice

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for the parties conferred on June 20, 2023 regarding the subject matter of this MOTION. The parties agree on the requested relief and make this request jointly.

**CERTIFICATE OF SERVICE**

On June 20, 2023 I electronically filed a true and correct copy of the foregoing document using the Court's CM/ECF system, which provided notice to the following attorneys of record:

Leanna M. Anderson
Spencer D. Hamilton
DENTONS US LLP
2000 McKinney Ave., Suite 1900
Dallas, Texas 75201
Telephone: (214) 259-0900
Facsimile: (214) 259-0972
leanna.anderson@dentons.com
spencer.hamilton@dentons.com

Katherine G. Erdel, Esq.
Andrew W. Gruber, Esq.
DENTONS BINGHAM GREENEBAUM LLP
10 W. Market St., 2700 Market Tower
Indianapolis, Indiana 46204
Telephone: (317) 635-8900
kate.erdel@dentons.com
andrew.gruber@dentons.com

                                      */s/ Josh Sanford*
                                      **Josh Sanford**

Page 9 of 9
Oscar Moreno Briz, et al. v. Protrans International, LLC
U.S.D.C. (S.D. Tex.) No. 7:22-cv-144
Joint Stipulation to Certification, Motion for Approval
of Settlement and Dismissal with Prejudice