United States District Court
Southern District of Texas
**ENTERED**
June 27, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| OSCAR MORENO BRIZ, *et al.* | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:22-cv-00144 |
| | § | |
| PROTRANS INTERNATIONAL, LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER AND OPINION

The Court now considers the parties' "Joint Stipulation to Certification, Motion for Approval of Settlement, and Dismissal with Prejudice."[1] After consideration, the Court **FINDS** that the stipulated collective is similarly situated pursuant to 29 U.S.C. § 216(b) but **DENIES** approval of the proposed Settlement Notice ("Notice")[2] and Consent to Join Settlement Form ("Consent").[3] The Court **ORDERS** the parties to resubmit proposed Notice and Consent.

### I.    Factual and Procedural Background

Plaintiff Oscar Moreno Briz filed his original petition in this Court on May 9, 2022,[4] alleging that he, as a Dock Coordinator for Defendant, and other employees had their overtime rate miscalculated to exclude non-discretionary bonuses.[5] Plaintiff Briz proposed the following description of the collective under the Fair Labor Standards Act ("FLSA"):

> All hourly employees who received a bonus in connection with work performed in at least one week in which they worked over forty hours within the past three years.[6]

---

[1] Dkt. No. 39.
[2] Dkt. No. 39-2.
[3] Dkt. No. 39-3.
[4] Dkt. No. 1.
[5] *Id.* at 3-4.
[6] *Id.* at 6, ¶ 37.

Plaintiff Briz stated that he would "soon file a written Consent to Join this lawsuit."[7]

But that motion to proceed as a collective was not forthcoming. Plaintiff Briz filed motions to extend the time to add parties and proceed on a collective basis on September 23, 2022,[8] December 13, 2022,[9] and March 10, 2023,[10] all of which were granted by this Court. In the intervening time, without notice being sent out to potential opt-ins, three other Plaintiffs joined the suit: Neftaly Soto,[11] Johnny Delgado,[12] and Hector Dominguez[13] (although Dominguez ultimately withdrew[14] from the suit).

The parties filed the instant motions on June 20, 2023,[15] after Plaintiffs' latest deadline to add parties and proceed as a collective[16] and without requesting leave. Therein, the parties submit for Court approval their settlement agreement and release signed by Plaintiff Briz and Defendant.[17] They also stipulate[18] to the following similarly situated collective:

> All hourly-paid employees who earned a profit-share bonus in connection with work performed for Defendant in any week in which they worked over forty hours between October of 2020 and June of 2022.[19]

The parties seek Court approval of the Notice and Consent to be sent to prospective plaintiffs within this collective. The Notice and Consent inform prospective plaintiffs that a settlement has been reached and that they have the opportunity to opt into the settlement and receive their pro

---

[7] *Id.* ¶ 38.
[8] Dkt. No. 22.
[9] Dkt. No. 31.
[10] Dkt. No. 33.
[11] Dkt. No. 3.
[12] Dkt. No. 14.
[13] Dkt. No. 15.
[14] Dkt. No. 36.
[15] Dkt. No. 39.
[16] Set at May 19, 2023, by Dkt. No. 35.
[17] Dkt. No. 39-1.
[18] The stipulation is made "[f]or settlement purposes only," but the Court interprets this to mean that Defendant does not concede liability, not that stipulation is contingent on the Court granting the Motion for Approval of Settlement.
[19] Dkt. No. 39 at 3.

rata share of the settlement fund, approximately 52% of what the named Plaintiffs claim was improperly withheld from each employee's overtime wages.[20]

## II. DISCUSSION

When an FLSA plaintiff seeks to proceed as a collective, the court's North Star comes from the language of § 216(b): whether the members of the collective are similarly situated.[21] A "district court must rigorously scrutinize the realm of 'similarly situated' workers [and o]nly then can the district court determine whether the requested opt-in notice will go to those who are actually similar to the named plaintiffs."[22] The trial court has broad discretion in managing collective actions and permitting notice to potential plaintiffs, but it may not use that discretion to endorse the merits of the case or solicit claims.[23]

When the parties to an FLSA case seek to settle, courts have generally held that settlement requires approval from the Department of Labor or a court.[24] However, as the parties correctly note,[25] the Fifth Circuit allows that "a private compromise of claims under the FLSA is permissible where there exists a bona fide dispute as to liability," even without court approval.[26] In *Martin*, certain plaintiffs could not pursue further legal action on their FLSA claims where they had previously received compensation for disputed hours and released the defendant from liability.[27]

But *Martin*'s private settlement rule does not even come within the orbit of justifying what the parties attempt here. Namely, they ask the Court to approve a global settlement that was

---

[20] Dkt. No. 39-2.
[21] 29 U.S.C. § 216(b); *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 433 (5th Cir. 2021)
[22] *Swales*, 985 F.3d at 434.
[23] *See id.* at 436 (citing *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 174, 110 S. Ct. 482, 488 (1989)).
[24] *E.g., Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1355 (11th Cir. 1982).
[25] Dkt. No. 39 at 1.
[26] *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 255 (5th Cir. 2012).
[27] *Id.* at 257.

negotiated between the named Plaintiffs and Defendant, *then* approve notice to be sent to prospective plaintiffs to inform them about that settlement.

While the named Plaintiffs may settle their own FLSA claims pursuant to *Martin*, the parties make no argument that the named Plaintiffs have authority to enter a settlement on behalf of the putative collective before any notice is sent. "Even if the § 216(b) plaintiff can demonstrate that there are other plaintiffs 'similarly situated' to him . . . he has no right to represent them. Under § 216(b), the action does not become a 'collective' action unless other plaintiffs affirmatively opt into the class by giving written and filed consent."[28]

The parties' proposed Notice and Consent would tell prospective plaintiffs that they may choose not to participate, in which case they "will not release any claims against Defendant."[29] But the parties' cliquish proposal would give those prospective plaintiffs no say in negotiating a settlement which allocates money to them *by name*, nor would it give them an opportunity to object to the settlement.[30] Such a take-it-or-leave-it offer runs counter to the Court's interest in promoting fair and reasonable settlements in cases impacting a collective.[31]

### III. CONCLUSION

The Court, then, will put the horse back in front of the cart. The parties have stipulated a collective and identified members to be notified, and the Court will accept the stipulation that those members are similarly situated because their overtime wages were calculated using the same characterization of the profit-sharing bonus plan. Therefore, the Court agrees that notice should be given but **DENIES** approval of the Notice and Consent and **DENIES** approval of the settlement.

---

[28] *Cameron-Grant v. Maxim Healthcare Servs.*, 347 F.3d 1240, 1249 (11th Cir. 2003).
[29] Dkt. No. 39-2 at 2, ¶ 6.
[30] Dkt. No. 39 at 4 ("Allowing Potential Opt-In Plaintiffs to submit objections is not necessary.").
[31] *See Lochren v. Horne LLP*, No. 6:21-cv-1640-WWB-LHP, 2023 U.S. Dist. LEXIS 103489, at *16 (M.D. Fla. 2023) (collecting cases where parties have moved for approval of a settlement prior to conditional certification and finding that the case law "runs contrary to the parties' requests").

If the parties wish this case to proceed as a collective action, they are **ORDERED** to resubmit for approval a Notice and Consent that informs the members of the collective of their ability to join the *lawsuit*, not a settlement, by **July 21, 2023.** After such notice is sent and the deadline passes for opt-ins to be received, the parties may move again for approval of the settlement with allowance for plaintiffs to object.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 27th day of June 2023.

_____
Micaela Alvarez
United States District Judge