IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

**OSCAR MORENO BRIZ, Individually and**            **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.            No. 7:22-cv-144-MA

**PROTRANS INTERNATIONAL, LLC**            **DEFENDANT**

### PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER AT ECF NO. 40

Plaintiff Oscar Moreno Briz, by and through his undersigned counsel, submits the following Motion for Reconsideration, and hereby states as follows:

### I.    INTRODUCTION

On May 9, 2022, Plaintiff filed his Original Complaint against Defendant Protrans International, LLC, alleging, on an individual and collective basis, violations of the overtime provisions of the Fair Labor Standards Act ("FLSA"). *See* Dkt. No. 1. Specifically, Plaintiff alleges that Defendant failed to calculate certain non-discretionary bonuses into the regular rate of pay of Plaintiff and others similarly situated for purposes of calculating overtime. *See id*. Defendant denies that any violations of the FLSA occurred and avers that the bonuses referenced in the Complaint were properly excluded from Plaintiff's regular rate pursuant to 29 CFR § 778.208 and 214.

Beginning in September of 2022, counsel for the Parties began exchanging time records and payroll data for the relevant individuals addressed as the putative collective in Plaintiff's Complaint. Over the next several months, the Parties developed competing damages models based on this information. In January of 2023, counsel for the Parties

Page 1 of 6
Oscar Moreno Briz, et al. v. Protrans International, LLC
U.S.D.C. (S.D. Tex.) No. 7:22-cv-144-MA
Plaintiff's Motion for Reconsideration of Order at ECF No. 40

began settlement negotiations for a collective-wide settlement in earnest.

On June 20, the Parties filed a Joint Stipulation to Certification, Motion for Approval of Settlement, and Dismissal with Prejudice. *See* Dkt. No. 39. In the Motion, the Parties sought the Court's approval of a settlement which contemplated the delivery of Notice and Consent to Join forms to members of a proposed collective. On June 27, the Court entered an Order denying the Parties' Motion and directing the Parties to resubmit proposed Notice and Consent to Join forms by July 21. *See* Dkt. No. 40. These new forms would abandon any mention of a settlement and refer simply to the putative plaintiffs' rights to join the lawsuit. *See id*.

## II.     ARGUMENT

"Certification of a class for settlement purposes is useful in resolving major class action disputes." *Jasso v. HC Carriers, LLC*, No. 5:20-CV-212, 2022 U.S. Dist. LEXIS 207043, at *6 (S.D. Tex. Oct. 19, 2022) (quoting *Camp v. Progressive Corp.*, No. CIV.A. 01-2680, 2004 WL 2149079, at *5 (E.D. La. Sept. 23, 2004)). The following is a non-exhaustive list of cases in the District Courts of Texas which are either visible on LexisNexis or which Plaintiff's counsel has personally administered and in which an FLSA settlement has been approved prior to the dissemination of Notice and Consent forms:

*Jasso v. HC Carriers, LLC*, No. 5:20-CV-212, 2022 U.S. Dist. LEXIS 207043 (S.D. Tex. Oct. 19, 2022);

*Lea v. Baker Hughes, Inc.*, No. 3:13-CV-00447, 2015 U.S. Dist. LEXIS 183797 (S.D. Tex. Aug. 4, 2015);

*Stanley v. Patriot Inspection Servs.*, No. 6-20-CV-00283-ADA, 2021 U.S. Dist. LEXIS 14028 (W.D. Tex. Jan. 26, 2021);

*Munoz, et al, v. Ironclad Energy, LLC, et al.*, No. 5:19-cv-1251-DAE (W.D. Tex. 2020).

Plaintiff's counsel believes that the initially proposed Notice agreed upon by the

Page 2 of 6
Oscar Moreno Briz, et al. v. Protrans International, LLC
U.S.D.C. (S.D. Tex.) No. 7:22-cv-144-MA
Plaintiff's Motion for Reconsideration of Order at ECF No. 40

Parties gives potential opt-ins critical information about the effect of their joining the lawsuit that the process endorsed by the Court lacks. The Court's proposed two-step method of notice, then settlement, would afford potential Plaintiffs far less knowledge of the case and settlement than would the process contemplated in the Parties' Motion and approved by many Courts throughout the country. Were the Parties to send Notice and Consent to Join forms to individuals without any mention of settlement, the recipients would learn a few crucial things: 1. That there is a case against Protrans International, LLC, 2. That the claims in the case concern sought lost wages allegedly due by virtue of miscalculated overtime, and 3. That they may be, at an indeterminate point in the future, entitled to some compensation.

Were the putative collective members to receive the Notice contemplated by the Parties' Motion, they would know the above facts as well as: 1. The exact amounts each individual stands to receive were he or she to accept and join the settlement, 2. The method of the calculation of payments and the extent of the compromise between those amounts and Plaintiffs' best-case-scenario damages, 3. The nature and effect of the release agreed, and 4. The anticipated timeframe for payments.

The Parties' proposed settlement is not "cliquish." *See* ECF No. 40, p. 4. Under the Parties' proposal, the effect of the settlement on the rights of non-joining putative collective members is very clear. Only those individuals who receive the Notice and Consent forms detailing the settlement and who, in response, return a signed Consent form would join the settlement and release claims. Individuals who make the informed decision not to join or who simply do not receive a Consent form will not be a part of the case or settlement. Accordingly, as opposed to a Rule 23 class action settlement, there

Page 3 of 6
Oscar Moreno Briz, et al. v. Protrans International, LLC
U.S.D.C. (S.D. Tex.) No. 7:22-cv-144-MA
Plaintiff's Motion for Reconsideration of Order at ECF No. 40

is little reason to allow for objections to the settlement because any putative collective member who finds issue with the settlement may simply refrain from returning a signed Consent form. See *Vassallo v. Goodman Networks, Inc.,* No. 4:15CV97-LG-CMC, 2016 U.S. Dist. LEXIS 142379, at *8 n.2 (E.D. Tex. Oct. 13, 2016) ("The parties correctly assert that there is no need to consider the opinions of absent class members as this settlement has no impact on absent class members.").

Should the Court nevertheless wish for there to be a process for putative collective members to submit objections, this can be accomplished through the Parties' proposed Notice process. Plaintiff has no objections to supplementing the Notice forms with additional information advising putative collective members of their right to object to the settlement and providing contact information for submission of objections.

WHEREFORE, Plaintiff Oscar Moreno Briz respectfully requests that the Court reconsider and grant the Joint Stipulation to Certification, Motion for Approval of Settlement, and Dismissal with Prejudice filed on June 20, 2023, and award all other proper relief.

Page 4 of 6
Oscar Moreno Briz, et al. v. Protrans International, LLC
U.S.D.C. (S.D. Tex.) No. 7:22-cv-144-MA
Plaintiff's Motion for Reconsideration of Order at ECF No. 40

Respectfully submitted,

**OSCAR MORENO BRIZ, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for the parties conferred on July 10th regarding the subject matter of this MOTION. Counsel for Defendant has indicated that this Motion is **Unopposed**.

Page 5 of 6
Oscar Moreno Briz, et al. v. Protrans International, LLC
U.S.D.C. (S.D. Tex.) No. 7:22-cv-144-MA
Plaintiff's Motion for Reconsideration of Order at ECF No. 40

## CERTIFICATE OF SERVICE

On July 10th, 2023 I electronically filed a true and correct copy of the foregoing document using the Court's CM/ECF system, which provided notice to the following attorneys of record:

Leanna M. Anderson
Spencer D. Hamilton
DENTONS US LLP
2000 McKinney Ave., Suite 1900
Dallas, Texas 75201
Telephone: (214) 259-0900
Facsimile: (214) 259-0972
leanna.anderson@dentons.com
spencer.hamilton@dentons.com

Katherine G. Erdel, Esq.
Andrew W. Gruber, Esq.
DENTONS BINGHAM GREENEBAUM LLP
10 W. Market St., 2700 Market Tower
Indianapolis, Indiana 46204
Telephone: (317) 635-8900
kate.erdel@dentons.com
andrew.gruber@dentons.com

                                                      */s/ Josh Sanford*
                                                      **Josh Sanford**

**Page 6 of 6**
**Oscar Moreno Briz, et al. v. Protrans International, LLC**
**U.S.D.C. (S.D. Tex.) No. 7:22-cv-144-MA**
**Plaintiff's Motion for Reconsideration of Order at ECF No. 40**