United States District Court
Southern District of Texas
**ENTERED**
July 20, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| OSCAR MORENO BRIZ, *et al.* | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 7:22-cv-00144 |
| PROTRANS INTERNATIONAL, LLC, | § § § | |
| Defendant. | § | |

# ORDER AND OPINION

The Court now considers Plaintiff's motion for reconsideration[1] and hereby maintains its **DENIAL** of the motion for approval of the settlement[2] but **MODIFIES** its order for resubmission.[3]

## I. FACTUAL AND PROCEDURAL BACKGROUND

As the Court's prior order explained, this case was brought under the Fair Labor Standards Act ("FLSA") alleging miscalculation of overtime pay for bonus-earning employees.[4] The three current Plaintiffs reached an agreement with Defendant which (1) stipulates (for settlement purposes) the collective of similarly situated workers and (2) establishes a settlement fund capable of paying all of those prospective plaintiffs 52% of the allegedly withheld wages.[5]

The parties moved for approval of the settlement as well as approval of notice and consent to be sent out to over 400 prospective plaintiffs.[6] The proposed notice and consent would inform

---

[1] Dkt. No. 41.
[2] Dkt. No. 39.
[3] Dkt. No. 40.
[4] *Id.*
[5] Dkt. No. 39-2.
[6] Dkt. No. 39.

prospective plaintiffs that they are not bound by the settlement and may decline to participate, but it gives them no opportunity to object to the settlement.[7] It is a take-it-or-leave-it offer.

The Court denied that motion and (1) approved the stipulated collective but (2) instructed the parties to resubmit a notice and consent that would inform the prospective plaintiffs of their ability to join the lawsuit, not a settlement.[8]

In the instant motion, Plaintiffs ask the Court to reconsider. Their counsel provides several cases in which courts use varying tests to arrive at the conclusion that it is acceptable to approve a settlement and notice to a settlement class/collective contemporaneously. The Court analyzes these cases below.

## II. DISCUSSION

### A. Approval of collective settlement prior to collective notice

In *Jasso v. HC Carriers, LLC*, the magistrate court recommended the approval of an FLSA collective, notice to the collective, and settlement with the collective all in one order.[9] The court began by finding a bona fide dispute between the similarly-situated collective and the defendant. Then, citing several district courts (but no binding authority), the court proceeded to analyze whether the settlement was "fair, adequate, and reasonable" given six Rule 23(e) factors for class actions:

> (1) [W]hether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles to prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members.[10]

---

[7] Dkt. No. 39-3.
[8] Dkt. No. 40.
[9] *Jasso v. HC Carriers, LLC*, No. 5:20-CV-212, 2022 U.S. Dist. LEXIS 207043 (S.D. Tex. Oct. 19, 2022) (J. Kazen).
[10] *Id.* at *5-6 (citing *Chano et al. v. City of Corpus Christi*, 2019 U.S. Dist. LEXIS 153143, 2019 WL 4247767 at *2-3 (S.D. Tex. July 11, 2019)).

In analyzing the "opinions of . . . the absent class members," the court did not address the prospective plaintiff's ability to object to the settlement. But the court's emphasis on its *own* fairness analysis makes clear that even in FLSA collective actions (as opposed to Rule 23 class actions), prospective plaintiffs' ability to decline joining in the settlement is not—by itself—a sufficient safeguard to protect the interests of prospective plaintiffs.

To support the proposition that a collective may be certified for settlement purposes only, the *Jasso* court cites[11] to *Frost v. Oil States Energy*.[12] But in *Frost*, the case was handled as both a class action under Rule 23 and a collective action under the FLSA.[13] Furthermore, notice had been sent at the conditional certification stage, and the parties were before the court requesting final certification and approval of the settlement.[14] That bifurcated procedural posture (which is now obsolete[15] and inapposite to the case at bar) makes a difference. As part of the evidence that the settlement should be approved, the *Frost* court found that "[n]o Class Member has submitted an objection to the Settlement. Thirty Class Members have excluded themselves from the Rule 23 classes in accordance with the terms of the Stipulation and Class Notice."[16]

Still, the *Frost* court was comfortable approving a Rule 23 settlement when it was not confident that all absent class members had received notice.[17] Because of those absent class members, it used the same settlement analysis as did the court in *Jasso*:

> The Court finds that the Settlement as set forth in the Stipulation is fair, reasonable and adequate to the members of the Class in light of the complexity, expense and expected duration of the litigation and the risks involved in establishing liability,

---

[11] *Id.* at *8.
[12] *Frost v. Oil States Energy Servs., L.L.C.*, No. 4:15-CV-1100, 2015 U.S. Dist. LEXIS 183104, 2015 WL 12780763 (S.D. Tex. Nov. 19, 2015) (J. Lake).
[13] *Id.* at 2-3.
[14] *Id.*
[15] *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430 (5th Cir. 2021).
[16] *Frost*, 2015 U.S. Dist. LEXIS 183104 at *4.
[17] *Id.* at *5 ("[T]he Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable.").

    damages and in maintaining the class and collective actions through trial and appeal.[18]

The *Frost* court held a fairness hearing as required by Rule 23(e)(2), and it is worth noting that the *Jasso* court did the same even though it was not a class action.[19]

  In *Stanley v. Patriot Inspection Services*, the court analyzed whether the settlement was "fair and reasonable" at the same time as conditional certification of the collective, but it discussed no factors.[20] *Lea v. Baker Hughes* does not support Plaintiff's position because there, the court approved the settlement with final certification after the collective was conditionally approved and notice to join the *lawsuit*, not the settlement, had been sent out and the new plaintiffs had an opportunity to object.[21] The Court cannot find the opinion from *Munoz, et al. v. Ironclad Energy, LLC, et al.* online.

### B. Application

  None of these authorities persuade the Court that Plaintiffs' and Defendant's proposed settlement should be approved prior to notice and without an opportunity for objection. Only *Jasso* and *Stanley* stand for the proposition that this is possible in an FLSA case, and the Court disagrees with those courts' ultimate conclusions.

  *Stanley*'s analysis is not fully baked, and it considers "fair and reasonable" in the abstract without explicating concrete factors or considering objections from actual members of the collective who have not yet been notified. *Jasso*'s analysis is far more thorough, yet somewhat myopically focused on *Chano*'s paraphrastic version of the Rule 23(e) fairness factors. But if Rule 23(e) is to be mapped onto an FLSA collective action consistently, then the collective should be

---

[18] *Id.* at *6.
[19] *Frost*, 2015 U.S. Dist. LEXIS 183104 at *2; *Jasso*, 2022 U.S. Dist. LEXIS 207043 at *10.
[20] *Stanley v. Patriot Inspection Servs.*, No. 6-20-CV-00283-ADA, 2021 U.S. Dist. LEXIS 14028, at *4-5 (W.D. Tex. Jan. 26, 2021) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)).
[21] *Lea v. Baker Hughes, Inc.*, Civil Action No. 3:13-CV-00447, 2015 U.S. Dist. LEXIS 183797, at *1 (S.D. Tex. Aug. 4, 2015).

notified of a *proposed* settlement[22] (not a finalized one), and the collective members should have the opportunity to object.[23] *Jasso* is correct, however, that importing the fairness considerations from Rule 23 onto FLSA collectives counsels in favor of a fairness hearing.

Here, the parties' proposal does none of that. They would have this Court approve notice that informs prospective plaintiffs that the "parties reached a settlement,"[24] not that a proposed settlement is on the table as Rule 23(e) contemplates. They would refuse prospective plaintiffs the opportunity to object,[25] and they hope to accomplish all this without a hearing. On reconsideration, the motion for settlement approval[26] remains **DENIED**.

However, the cited authorities—especially *Frost*—do persuade the Court that provided there is an opportunity to object, informing prospective plaintiffs of a proposed settlement in the collective notice can facilitate a fair, reasonable, and efficient resolution to the case. The collective's feedback on the settlement terms helps the Court make a final approval determination and, in this case, justifies including the proposed settlement terms in the notice. Therefore, the Court **MODIFIES** its prior order[27] to allow the parties' notice to include the terms of the *proposed* settlement. The Court will consider settlement approval after the opt-in and objection periods have expired. Such notice shall make clear that joining the collective action does not bind the new plaintiffs to the proposed settlement.

---

[22] *See* FED. R. CIV. P. 23(e)(1)(B).
[23] *See* FED. R. CIV. P. 23(e)(5).
[24] Dkt. No. 39-2.
[25] Dkt. No. 39 at 4 ("Allowing Potential Opt-In Plaintiffs to submit objections is not necessary."); Plaintiffs now offer "to supplementing the Notice forms with additional information advising putative collective members of their right to object to the settlement and providing contact information for submission of objections." Dkt. No. 41 at 4.
[26] Dkt. No. 39.
[27] Dkt. No. 40.

### III. CONCLUSION

On reconsideration and in spite of other courts' conclusions to the contrary, this Court is not convinced the settlement should be approved before notice to the collective and an opportunity for objections. The parties' deadline to resubmit proposed notice and consent is hereby **CONTINUED** to **July 28, 2023**.[28] This order supersedes the Court's prior order such that the parties may include details of the proposed settlement in the notice so long as (1) it is termed a proposed settlement and prospective plaintiffs are informed that joining does not bind them to the settlement, and (2) prospective plaintiffs are apprised of their right to object to the settlement and providing contact information and a deadline for submission of objections.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 20th day of July 2023.

                                              Micaela Alvarez
                                  Senior United States District Judge

---

[28] Set at Dkt. No. 40 at 5.