IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

**OSCAR MORENO BRIZ, Individually and on**          **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.          No. 7:22-cv-144

**PROTRANS INTERNATIONAL, LLC**          **DEFENDANT**

## JOINT MOTION FOR APPROVAL OF
## COLLECTIVE ACTION SETTLEMENT

Oscar Moreno Briz ("Named Plaintiff"), individually and on behalf of all others similarly situated, and Protrans International, LLC, ("Defendant") (collectively, the "Parties"), by and through their respective undersigned counsel, jointly move the Court to: (1) approve the terms of the Settlement Agreement and Release ("Agreement") that the Parties agreed to following negotiation; (2) dismiss this case with prejudice; and (3) retain jurisdiction to enforce the terms of the Parties' Agreement. In support of this motion, the Parties state as follows:

### LEGAL STANDARD

Based on *Martin v. Spring Break 83 Productions, LLC*, 688 F.3d 247 (5th Cir. 2012), the necessity of Court approval of settlements is questionable. However, in an abundance of caution, approval is sought here. When reviewing a proposed FLSA settlement, district courts "scrutiniz[e] the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). If the settlement is fair and reasonable, the court should approve the

Page 1 of 7
Oscar Moreno Briz, et al. v. Protrans International, LLC
U.S.D.C. (S.D. Tex.) Case No. 7:22-cv-144
Joint Motion for Approval of Collective Action Settlement

settlement in order to promote the policy of encouraging settlement of litigation. *Id.* The terms of the Parties' settlement plainly comply with the spirit of *Lynn's Food Stores*.

## STATEMENT OF THE CASE AND SUMMARY OF SETTLEMENT

Named Plaintiff was employed as a dock coordinator for Protrans International, LLC, beginning in June of 2020. During his employment, Named Plaintiff was paid an hourly rate and received what he believed were semi-annual bonus payments. Named Plaintiff filed suit on May 9, 2022, alleging that Defendant failed to pay its hourly-paid employees the legal minimum hourly wage for all hours worked and overtime compensation for all hours worked in excess of forty per workweek in violation of the Fair Labor Standards Act ("FLSA"). ECF No. 1. Specifically, Named Plaintiff alleges that the semi-annual bonuses he received were non-discretionary, that they were required to be factored into Named Plaintiff's regular rate of pay for purposes of calculating overtime, and that Defendant failed to so factor these bonuses into his and other similarly situated employees' regular rates of pay. *Id.* Accordingly, Named Plaintiff claims Defendant paid Named Plaintiff and others similarly situated an insufficient amount of wages for any hours worked over 40 in any week. *Id.* Defendant denies Named Plaintiff's allegations and maintains that the bonuses were paid pursuant to a profit sharing plan, and were properly excluded from the regular rate of pay as either discretionary bonuses pursuant to 29 CFR § 778.211 or profit-sharing payments pursuant to 29 CFR § 778.214.

In March of 2023, counsel for the Parties began negotiations in arm's-length settlement discussions, ultimately reaching a settlement which resolved the claims of Named Plaintiff as well as the claims of a putative collective of individuals identified as

Page 2 of 7
Oscar Moreno Briz, et al. v. Protrans International, LLC
U.S.D.C. (S.D. Tex.) Case No. 7:22-cv-144
Joint Motion for Approval of Collective Action Settlement

receiving similar bonuses as Named Plaintiff. On June 20, 2023, the Parties moved this Court for preliminary approval of their settlement and of their proposed Notice and Consent forms, to be delivered to potential settlement collective members. *See* ECF No. 39. This Court denied the Parties' Motion, *see* ECF Nos. 40 & 42.

Following the Court's denial of the Motion, the Parties reconvened and decided on a process by which they would seek the Court's review and approval of proposed Notice and Consent forms which referenced taking part in the case as a whole and not as part of any settlement. *See* ECF Nos. 48-51. The Court granted the Parties' Motion and an opt-in period ensued, during which 64 individuals returned signed Consent to Join forms.

After the opt-in period, the Parties renewed settlement negotiations, ultimately reaching a settlement with methodology consistent with the settlement previously submitted to the Court. Seventeen individuals who had signed Consent to Join forms were identified as not receiving the bonuses at issue in this case, *see* ECF No. 61, and the Parties' Agreement now addresses the claims of 53 Plaintiffs, including Named Plaintiff.

As part of settlement discussions, Defendant provided data reflecting payments and bonuses paid to Potential Opt-In Plaintiffs. Each Plaintiff will receive a part of the Settlement Fund in proportion to their best-case scenario damages as calculated by counsel for the Parties. These damages took into account each Potential Plaintiff's bonuses received as well as their number of overtime hours worked and overtime compensation already paid in order to arrive at an adjustment assuming between their amount paid and the amount which would have been paid had the bonuses been

Page 3 of 7
Oscar Moreno Briz, et al. v. Protrans International, LLC
U.S.D.C. (S.D. Tex.) Case No. 7:22-cv-144
Joint Motion for Approval of Collective Action Settlement

factored into their regular rate of pay. Individuals with less than $25 in damages were allocated a $25 minimum. An allocation describing each Plaintiff's payment is included as Appendix 1 to the Agreement.

Each Plaintiff is receiving, at minimum, approximately 52% of the best-case lost-wage adjustment as calculated by counsel for the Parties. This amount is reasonable because, were Defendant's theory of the case to prevail, Plaintiffs would have been entitled to nothing. The Parties sharply disagree on the nature and legal effect of Defendant's profit sharing plan under which the bonuses were paid. Further, the prospect of liquidated damages in this case was likely remote, as Defendant was prepared to bring evidence that it adopted a consistently applied, discretionary profit sharing plan in a good-faith attempt to follow the requirements of the FLSA.

In exchange for their settlement amount, each individual agrees to a release of claims from the facts pled in the Complaint and arising before June 30, 2022, including but not limited to claims related to overtime, Defendant's benefits plans, claims for attorney's fees, costs, damages, taxes, and those arising under local, state or federal law. Current employees of Defendant will receive their settlement payments through Defendant's regular payroll processes, while former employees will receive payment via check.

As reflected in the Parties' Agreement, the settlement amounts to be paid to Named Plaintiff include his allocated damages share as well as separate consideration as a service award. The service award to Named Plaintiff is appropriate. Named Plaintiff initiated this action and is being compensated for his efforts in helping identify the settlement collective and for undergoing the risks and delay of pursuing the case on a

Page 4 of 7
Oscar Moreno Briz, et al. v. Protrans International, LLC
U.S.D.C. (S.D. Tex.) Case No. 7:22-cv-144
Joint Motion for Approval of Collective Action Settlement

collective basis instead of an individual one. Such service awards are frequently approved in collective actions. *See In re Wells Fargo Wage & Hour Empl. Prractices Litig. (No. III)*, 18 F. Supp. 3d 844, 852 (S.D. Tex. May 12, 2014); *Guadalupe v. Am. Campus Cmtys. Servs.,* Civil Action No. 1:16-cv-967, 2020 U.S. Dist. LEXIS 259660, at *6 (W.D. Tex. Oct. 23, 2020) (approving a $12,000 service award for Named Plaintiff).

## ATTORNEYS' FEES AND COSTS

The FLSA mandates that a court award reasonable attorneys' fees and costs to a prevailing plaintiff. 29 U.S.C. §216(b)). "[T]he attorneys' fees provision[] of the . . . FLSA exist to enable Plaintiffs to employ reasonably competent lawyers without costs to themselves if they prevail and, thereby, to help ensure enforcement of the substantive provisions of the FLSA." *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass' n, Local 307 v. G & M Roofing & Sheet Metal Co. Inc.*, 732 F.2d 495, 502 (6th Cir. 1984).

Under the terms of the Agreement, Collective Counsel will receive the amount of $30,000.00. This amount constitutes the originally negotiated amount of $21,000.00 as well as an additional $9,000.00 for work performed during the Notice period. Collective Counsel has billed 49 hours since submission of the original settlement, and 130 hours on this matter in total. At the $30,000.00 amount, Collective Counsel's blended hourly rate for this matter is $231.00. In addition to the $531.00 in expenses already reported, Collective Counsel has incurred approximately $2,340.00 in expenses during the Notice period, including postage, copies, and skip trace searches for individuals for whom Consent forms were returned undeliverable. As set forth in the Agreement, Named Plaintiff asserts that this is a fair and reasonable amount for the efforts of Collective

Page 5 of 7
Oscar Moreno Briz, et al. v. Protrans International, LLC
U.S.D.C. (S.D. Tex.) Case No. 7:22-cv-144
Joint Motion for Approval of Collective Action Settlement

Counsel in this action.

WHEREFORE, the Parties submit that the terms of their FLSA settlement represent a fair and equitable resolution of this matter. The Parties therefore respectfully request that the Court enter an order: (1) approving the terms of the settlement of Plaintiffs' FLSA claims; (2) dismissing this action with prejudice; (3) retaining jurisdiction to enforce the terms of the settlement; and granting such further relief as the Court deems just.

        Respectfully submitted,

**OSCAR MORENO BRIZ, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com

**and**    **DEFENDANT PROTRANS INTERNATIONAL, LLC**

DENTONS US LLP
2000 McKinney, Ave., Suite 1900
Dallas, TX 75201
Telephone (214) 259-0900
Facsimile: (214) 259-0972

Spencer D. Hamilton
Tex. Bar No. 24087656
spencer.hamilton@dentons.com
Leanna M. Anderson
Tex. Bar No. 24085833
leanna.anderson@dentons.com

Page 6 of 7
Oscar Moreno Briz, et al. v. Protrans International, LLC
U.S.D.C. (S.D. Tex.) Case No. 7:22-cv-144
Joint Motion for Approval of Collective Action Settlement

DENTONS BINGHAM
GREENEBAUM, LLP
10 West Market Street, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 635-8900

*/s/ Katherine G. Erdel*
Andrew W. Gruber
Admitted *pro hac vice*
andrew.gruber@dentons.com
Katherine G. Erdel
Admitted *pro hac vice*
kate.erdel@dentons.com

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for the parties conferred on March 15, 2024, regarding the subject matter of this Motion. The parties agree on the requested relief and make this request jointly.

## CERTIFICATE OF SERVICE

On March 15, 2024, I electronically filed a true and correct copy of the foregoing document using the Court's CM/ECF system, which provided notice to the following attorneys of record:

Leanna M. Anderson
Spencer D. Hamilton
DENTONS US LLP
2000 McKinney Ave., Suite 1900
Dallas, Texas 75201
Telephone: (214) 259-0900
leanna.anderson@dentons.com
spencer.hamilton@dentons.com

Katherine G. Erdel, Esq.
Andrew W. Gruber, Esq.
DENTONS BINGHAM GREENEBAUM LLP
10 W. Market St., 2700 Market Tower
Indianapolis, Indiana 46204
Telephone: (317) 635-8900
kate.erdel@dentons.com
andrew.gruber@dentons.com

*/s/ Josh Sanford*
**Josh Sanford**

Page 7 of 7
Oscar Moreno Briz, et al. v. Protrans International, LLC
U.S.D.C. (S.D. Tex.) Case No. 7:22-cv-144
Joint Motion for Approval of Collective Action Settlement