# SETTLEMENT AGREEMENT AND RELEASE

1. This Settlement Agreement and Release ("Agreement") is entered into by and between Oscar Moreno Briz ("Named Plaintiff"), individually and on behalf of those who have timely opted into this matter (the "Opt-In Plaintiffs", together with Named Plaintiff, "Plaintiffs"), and Protrans International, LLC, ("Defendant"). Plaintiffs and Defendant are jointly referred to herein as the "Parties."

2. <u>Statement of Pending Claims</u>. On May 9, 2022, Named Plaintiff filed the Civil Action, *Oscar Moreno Briz et al. v. Protrans International, LLC*, No. 7:22-cv-144 in the United States District Court for the Southern District of Texas (the "Action"). In the Action, Named Plaintiff claims that Defendant failed to pay Plaintiffs their proper overtime amounts due under the Fair Labor Standards Act ("FLSA"). Defendant denies that its polices or practices violate the FLSA, or that it otherwise failed to comply with the law with respect to Plaintiffs. Nothing in this Agreement does or is intended to suggest or serve as an admission that Defendant has any liability to Plaintiffs.

3. <u>Non-Admission</u>. Defendant denies they or any of the Releasees (as defined below) engaged in any wrongful or unlawful act or violated any federal, state, or local statute, law, ordinance, or regulation.

4. <u>Payments</u>. In consideration for signing this Settlement Agreement and Release, the dismissal of the Action with prejudice, and the fulfillment of the promises herein, Defendant agrees to pay Plaintiffs and Plaintiffs' counsel the total sum of **Thirty-Four Thousand Six Hundred Ninety-Five Dollars and Eighteen Cents** ($34,695.18) the ("Settlement Amount"), as outlined and subject to the conditions set forth below (the "Settlement Payments"). Except as otherwise described herein with respect to Settlement Fund Awards, the Settlement Payments shall be delivered to Sanford Law Firm, PLLC, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211 ("Collective Counsel"), within twenty-one (21) days from the date the Court approves this Agreement, in the following amounts and pursuant to the following conditions:

   a. Named Plaintiff will be paid a service award in the amount of Five Hundred Dollars ($500.00) ("Service Award"). Defendant will deliver the Service Award to Collective Counsel via check, with no tax withholdings taken from it, and will issue Named Plaintiff an IRS Form 1099 for this amount.

 b. "Settlement Fund" refers to the total amount available to be paid to Plaintiffs, other than the Service Award. The amount of the Settlement Fund is **Four Thousand One Hundred Ninety-Five Dollars and Eighteen Cents** ($4,195.18). Each Opt-in Plaintiff will receive a proportional award from the Settlement Fund ("Settlement Fund Award") corresponding to their damages as calculated by counsel for the Parties with payroll data provided by Defendant. The awards are itemized for each Plaintiff on the Settlement Allocation, which is attached as **Appendix A.**

 c. Payments made to Plaintiffs from the Settlement Fund will be issued by Defendant via Defendant's payroll system for active employees. For former employees who are no longer on Defendant's active payroll, Defendant will issue physical checks and deliver them in one package to Collective Counsel for distribution to those Plaintiffs.

 d. Payments made to Plaintiffs from the Settlement Fund will be designated as overtime wages and subject to employment taxes including income tax withholding. These payments will be reported on IRS Form W-2 for the calendar year in which they are actually paid, subject to the most current W-4 on file with Defendant for each Plaintiff.

 e. "Attorneys' Fees and Costs" refers to the amount to be paid to Collective Counsel for representing Plaintiffs. The amount of the Attorneys' Fees and Costs is Thirty Thousand Dollars ($30,000.00). There will be no tax withholdings taken from this payment, and Defendant will issue Collective Counsel an IRS Form 1099 for this amount. Collective Counsel agrees to cooperate with Defendant and provide any and all documentation required by Defendant for processing of the payment to Collective Counsel. If the Court requires approval of fees and costs, Defendant shall not oppose Plaintiffs' efforts to obtain approval of the agreed fees and costs, including any motion for reconsideration or appeal of a denial of fees and costs.

5. <u>Joint Motion for Approval</u>. Within seven (7) days of complete execution of this Agreement, the Parties will file a Joint Motion for Approval of

Settlement and Dismissal with Prejudice, in a form to be agreed upon by the Parties.

6. <u>Release of Claims for Named Plaintiff</u>. In exchange for the promises contained herein, Named Plaintiff releases and discharges the Defendant, its representatives and assigns, as well as their predecessors, successors, parent and subsidiary corporations, affiliates, related entities, directors, and officers (together "Releasees") from any and all claims and rights of any kind that they may have, whether now known or unknown, including, but not limited to, those arising out of or in any way connected with his employment with Defendant from the beginning of time through the execution of this Agreement. These claims and rights released include, but are not limited to, claims under Title VII of the Civil Rights Act of 1964 (as amended); 42 U.S.C. § 1981 (as amended); the Age Discrimination in Employment Act; the Equal Pay Act; the Americans With Disabilities Act (as amended); Sections 503 and 504 of the Rehabilitation Act of 1973; the Family Medical Leave Act; the Employee Retirement Income Security Act; the Occupational Safety and Health Act; the Workers' Adjustment and Retraining Notification Act, as amended; any claims for overtime compensation, minimum wages, liquidated damages, penalties and interest, attorney's fees and costs under the FLSA or any other applicable federal, state, or laws (including statutory and common law claims for breach of contract, unjust enrichment or other common law claims relating to wage and hour issues); any state, civil or statutory laws, including any and all human rights laws, any other federal, state or local fair employment statute, code or ordinance, common law, contract law, tort, and any and all claims for attorneys' fees and costs.

7. <u>Release of Claims for All Plaintiffs</u>. Upon the date the Court approves this Agreement, each Plaintiff releases and waives any and all wage and hour claims they have or may have from the facts pled in the Complaint arising on or before June 30, 2022, including but not limited to claims related to overtime, Defendant's benefits plans, claims for attorney's fees, costs, damages, taxes, and those arising under local, state or federal law (the Fair Labor Standards Act, 29 U.S.C. §201 et seq., and all of the implementing regulations) relating to or arising out of their employment with the Defendant, whether known or unknown, that have been asserted against Defendant and its parents, subsidiaries, affiliates, partners, shareholders, related entities, predecessors, successors, assigns, trustees, estates, heirs, administrators, and all of their past and present members, managers, officers, directors, employees and agents (collectively, "Released Parties").

8. <u>Covenant Not to Sue</u>. Plaintiffs covenant not to sue any of the Releasees for any claim Plaintiffs release in this Agreement.

9. <u>Entire Agreement</u>. This Agreement contains the entire agreement and understanding between Plaintiffs and Defendant with respect to its subject matter and supersedes all other agreements between Plaintiffs and Defendant.

10. <u>Headings</u>. The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

11. <u>Choice of Law</u>. This Settlement Agreement and Release is to be interpreted pursuant to the laws of Texas, except where the application of federal law applies.

12. <u>Waiver</u>. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

13. <u>Severability</u>. The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

14. <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed the same Agreement. This Agreement may be signed electronically, and a signed copy of the Agreement delivered by electronic means to counsel for Plaintiffs or counsel for Defendant shall be deemed to have the same legal effect as delivery of a physical copy of the Agreement.

15. <u>Cooperation and Drafting</u>. The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties' counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

Doc ID: 6aa0768593ef2c35ab6ca132cc82f4766c44d6f0

| NAMED PLAINTIFF, Individually and on Behalf of the Opt-In Plaintiffs: | DEFENDANT: |
|---|---|
| *[signature]* | *[signature]* |
| **Oscar Moreno Briz** | **Protrans International, LLC** |
| | By (print): Luis Erana |
| Date: 03 / 12 / 2024 | Date: 3/14/2024 |

- 5 -

Appendix A - Plaintiff Settlement Allocation

| Plaintiff Name | Service Award | Allocation |
| --- | --- | --- |
| Acosta, Gildardo G |  | $217.53 |
| Arias, Ramon |  | $47.21 |
| Arreola, Francisco |  | $25.00 |
| Banks, Doneatha |  | $25.00 |
| Byrd, Shontara |  | $25.00 |
| Cavazos, Emanuel |  | $114.64 |
| Cordero, Nicolas |  | $100.30 |
| Cornwell, Danielle |  | $25.00 |
| Craig, Roderick |  | $25.00 |
| Delgado, Johnny |  | $25.00 |
| Elias, Jaime |  | $25.00 |
| Fajardo, Hector |  | $165.26 |
| Fambro, Brandon |  | $25.00 |
| Gaytan, Sergio |  | $25.00 |
| Gomez Mendez, Edgar |  | $25.00 |
| Gonzalez, Mario |  | $171.90 |
| Guerrero, Pedro |  | $40.75 |
| Gutierrez, Genaro |  | $122.13 |
| Harmon, Robert |  | $69.51 |
| Hawkins, Tiffany |  | $25.00 |
| Hoehn, Todd |  | $25.00 |
| Huerta, Derek |  | $25.00 |
| Ibarra, Juan |  | $25.00 |
| Jennings, Derrick |  | $25.00 |
| Cantrell, Andrew Kent |  | $25.00 |
| Lopez, Roel |  | $41.15 |
| Martinez, Brenda |  | $25.00 |
| Martinez, Alberto |  | $155.44 |
| McKinley, Tony |  | $52.98 |
| Montano, Maria |  | $37.15 |
| Moreno Briz, Oscar J | $500.00 | $144.93 |
| Morin, Lorenzo |  | $25.00 |
| Neely, Christopher |  | $44.00 |
| Noyd, Mariah |  | $68.09 |
| Ochoa, Tommy |  | $137.66 |
| Patton, Trevor |  | $25.00 |
| Perales, Daniel |  | $355.98 |
| Ramirez, David |  | $702.00 |
| Reyes, Jose Luis |  | $25.00 |
| Rhyant, Rachel |  | $25.00 |

| | | |
|---|---|---|
| Rivas, Jacob | | $120.68 |
| Roberts, Zorie | | $25.00 |
| Rogers, Marion | | $25.00 |
| Rosales, Alberto M | | $25.00 |
| Saenz, Victor Amaro | | $41.82 |
| Sedano, Rogelio | | $73.11 |
| Shockley, Deana L | | $31.63 |
| Soto, Neftaly | | $73.61 |
| Stein, Karl | | $33.69 |
| Ulloa, Juan Jesus | | $148.69 |
| Vargas, Albino | | $97.91 |
| Villagran, John | | $31.66 |
| Villarreal, Jessie | | $153.77 |
| Total: | $500.00 | $4,195.18 |