UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| OSCAR MORENO BRIZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 7:22-cv-00144 |
| § | |
| PROTRANS INTERNATIONAL, LLC, § | |
| § | |
| Defendant. § | |

**DEFENDANT'S UNOPPOSED MOTION TO DISMISS
CERTAIN OPT-IN PLAINTIFFS**

Defendant ProTrans International, LLC ("Defendant"), by counsel respectfully requests that the Court dismiss certain opt-in plaintiffs pursuant to Federal Rule of Civil Procedure 41. In support of this Motion, Defendant states as follows:

**RELEVANT PROCEDURAL HISTORY**

1. On May 9, 2022, Oscar Moreno Briz, individually and on behalf of all others similarly situated, ("Plaintiff") filed his Complaint in this matter alleging violation of overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"). [ECF No. 1].

2. More specifically, Plaintiff alleged that "Defendant did not include the bonuses that were paid to Plaintiff and other Bonusing Employees in their regular rates when calculating their overtime pay even though Plaintiff and other Bonusing Employees received bonuses in pay periods in which they also worked more than forty hours per week." [ECF No. 1 at ¶27].

3. For purposes of Plaintiff's Complaint, "Bonusing Employees" are "hourly employees who receive the semi-annual bonuses." [ECF No. 1 at ¶22].

4. Plaintiff expressly brought the Complaint "as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), on behalf of all persons similarly situated." [ECF No. 1 at ¶36].

In addition, Plaintiff proposed an FLSA class consisting of "[a]ll hourly employees who received a bonus in connection with work performed in at least one week in which they worked over forty hours within the past three years." [ECF No. 1 at ¶37].

5. Throughout this matter, Defendant has maintained that the "bonuses" identified by Plaintiff (which are really incentive payments made in keeping with the company's profit sharing plan) are discretionary and thus were properly excluded from the regular rate. [*See* ECF Nos. 10 and 11].

6. In the spring of 2023, the parties began discussing settlement opportunities and agreed to a resolution that would reasonably resolve the matter. [*See* ECF No. 37]. In the months that followed, the parties attempted to both comply with the letter and the purpose of the FLSA as well as with the Court's instructions as to how to provide appropriate notice to individuals and obtain the Court's approval of the settlement. [*See* ECF Nos. 38-51].

7. In September of 2023, the parties filed a Joint Stipulation Regarding Class Certification and Notice to Class Members [ECF No. 50], which the Court approved with modifications in its October 25, 2023 Order. [ECF No. 51]. Pursuant to that Order, Plaintiff's Notice of Right to Join Lawsuit ("Notice") was to be sent "TO: All hourly-paid employees of Protrans International, LLC, who were paid a profit-share bonus in connection with work performed in any workweek in which they worked over forty hours between October 2020 and June of 2022." [ECF No. 51, p. 2].

8. Thereafter, in keeping with the October 25, 2023 Order, the undersigned counsel provided Plaintiffs' counsel with a list of potential members of the proposed class to allow Plaintiff to send out the notices and collect consents.

9. Upon information and belief, Plaintiff began sending notices and then filed the first of a number of sets of consents in December of 2023. [*See* ECF Nos. 52-57].

23829853.v4

10.     In the course of reviewing the consents filed and other discovery documents in anticipation of resuming settlement discussions, the undersigned counsel realized that a handful of the filed consents were filed by individuals who had never been "paid a profit-share bonus in connection with work performed in any workweek in which they worked over forty hours between October 2020 and June of 2022", as required for proper inclusion in the proposed class.

11.     More specifically, it appears that 17 individuals (the "Erroneous Opt-Ins")[1] were each mistakenly included within the class notice list provided to Plaintiff's counsel before the beginning of the opt-in period. As a result of this, the Erroneous Opt-Ins were provided with a Notice and returned the accompanying consent, indicating that they were "employed as an employee and [were] paid a profit-share bonus", even though they never actually received a profit-share bonus during the relevant time period. [*See* ECF Nos. 53, 54, 55, 56-1].

12.     The undersigned counsel notified Plaintiffs' counsel of this issue on or around February 5, 2024 and Plaintiffs' counsel agreed that individuals who did not receive a profit-share bonus (i.e. the Erroneous Opt-Ins) did not have viable claims, would not be entitled to any compensation, were inappropriately noticed, and should be withdrawn. The parties otherwise reached an agreement with respect to settlement and filed a Joint Notice of Settlement with the Court on February 14, 2024. [ECF No. 59]. Plaintiffs thereafter filed a Notice of Withdrawal of Consents to Join on March 14, 2024. [ECF Nos 61].

13.     The parties filed their Joint Motion for Approval of Collective Action Settlement on March 15, 2024. [ECF No. 62]. The parties then appeared, by counsel, for a settlement conference with the Court on April 16, 2024. [ECF Nos. 63; April 26, 2024 Minute Entry]. Following that

---

[1] The seventeen individuals who erroneously received a Notice are: (1) Adrian Flores, (2) Steven Lashawn Gill, (3) David Eduardo Grajeda, (4) Reginald Harris, (5) Mason Holt, (6) Christina Howes, (7) Jessica Lancon, (8) Miguel Lopez, (9) Alberto Lucero Ortega, (10) Mario Aaron Martinez, (11) Joseph McDonald, (12) Andrew Meza, (13) Robert Moore, (14) Jose Olivares, (15) Antonio Sanchez, (16) David Valencia, and (17) Maria Valenzuela.

23829853.v4

conference, the Court ordered Plaintiffs' counsel to "either submit consents to withdraw from each Opt-In Plaintiff wishing to do so, or that the Court would rule on the merits that those Opt-In Plaintiffs have no claim". [ECF No. 66].

14. Plaintiffs' counsel then obtained and filed a Notice of Withdraw of Consent to Join for seven of the Erroneous Opt-Ins. [ECF Nos. 68-74]. The Court ordered the notices of those individuals[2] terminated and ordered Plaintiffs to file any additional withdrawals of consent to join no later than May 29, 2024. [ECF No. 76]. Plaintiffs filed one additional Notice of Withdrawal on May 29, 2024. [ECF No. 77].[3]

## MOTION

15. Consistent with the Court's April 17, 2024 Order [ECF No. 66], where it indicated that it "would rule on the merits that those Opt-In Plaintiffs have no claim", Defendant now requests that the Court do just that with respect to the Erroneous Opt-Ins who have not yet submitted consents to withdraw. *See* FRCP 41(b); *see Turner v. Schlumberger Technology Corporation,* 2017 WL 2719982, *1 (E.D. Tex Jan. 24, 2017) (discussing the withdrawal of consents without prejudice).

16. In support of this Motion, which is unopposed by Plaintiff Briz and Plaintiffs' counsel – given that there is no evidence that the Erroneous Opt-Ins received the necessary profit share compensation necessary to be appropriate members of the class – please see the Affidavit of Carlos Penaloza, attached as Exhibit A, which demonstrates that the Erroneous Opt-Ins are in fact "erroneous" with respect to having received Notice and thus subject to dismissal from this lawsuit on the plain merits.

---

[2] (1) Christina Howes, (2) David Valencia, (3) Joseph McDonald, (4) Jose Olivares, (5) Mason Holt, (6) Steven Gill, (7) Reginald Harris.
[3] Alberto Lucero Ortega.

WHEREFORE, Defendant ProTrans International, LLC respectfully requests that the Court enter an Order terminating the notices of Adrian Flores, David Eduardo Grajeda, Jessica Lancon, Miguel Lopez, Mario Aaron Martinez, Andrew Meza, Robert Moore, Antonio Sanchez, and Maria Valenzuela on the merits, and dismissing those individuals from this lawsuit, and for all other appropriate relief.

Respectfully submitted,

        /s/ Katherine G. Erdel
Andrew W. Gruber (pro hac vice)
Katherine G. Erdel (pro hac vice)
Dentons Bingham Greenebaum, LLP
10 West Market Street, Suite 2700
Indianapolis, IN 46204
Phone: 317-635-8900
Fax:    317-236-9907
Email: andrew.gruber@dentons.com
              kate.erdel@dentons.com

Leanna M. Anderson
Spencer Hamilton
Dentons US LLP
2000 McKinney Avenue, Suite 1900
Dallas, TX 75201
Phone: 214-259-0972
Fax:    2140-259-0972
Email: leanna.anderson@dentons.com
              spencer.hamilton@dentons.com

## CERTIFICATE OF CONFERENCE

I hereby certify that Defendant's counsel conferred with Plaintiff's counsel on May 31, 2024 and June 5, 2024 regarding the subject matter of this Motion. Plaintiff is unopposed to this Motion.

## CERTIFICATE OF SERVICE

On June 5, 2024 I electronically filed a true and correct copy of the foregoing document using the Court's CM/ECF system, which provided notice to the following attorneys of record:

Josh Sanford
Tex. Bar No. 24077858

23829853.v4

Samuel Brown
Ark. Bar No. 2020210
Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Phone: 501-221-0088
Fax:     888-787-2040
Email: josh@sanfordlawfirm.com
Email: samuel@sanfordlaw.com

                                              */s/ Katherine G. Erdel*

23829853.v4